**FILED**
DISTRICT COURT OF GUAM
DEC 07 2017
JEANNE G. QUINATA
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of Guam

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. MJ 17-00173
Information Associated with cbain809@gmail.com )
Stored at Premises of Google, Inc. (See Attachment A) )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Information Associated with cbain809@gmail.com Stored at Premises of Google, Inc. Property is further described in Attachment A.

located in the _____ District of _____ Guam _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B which is incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2422(b) | Attempted Enticement of a Minor |

The application is based on these facts:

☑ Continued on the attached sheet.
☑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

JOSHUA M. KIPP, Special Agent, FBI
Printed name and title

[rsn]

Sworn to before me and signed in my presence.

Date: 12/7/17

_____
Judge's signature

City and state: Hagatna, Guam         JOAQUIN V.E. MANIBUSAN, JR., U.S. Magistrate Judge
Printed name and title

**ORIGINAL**

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Joshua M. Kipp, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by Google, Inc., an email provider headquartered at Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google, Inc., to disclose to the government copies of the information (including the content of communications) further described in Attachment B. Upon receipt of the information described in Attachment B, government-authorized persons will review that information to locate the items described in Attachment B.

2. I am a Special Agent of the Federal Bureau of Investigation (FBI) currently assigned to the Honolulu Field Office, Guam Resident Agency. I have experience investigating a variety of criminal violations to include violent crimes against children, child sexual enticement, transmitting of obscene materials to a minor, and possession and distribution of child pornography. I have served as an FBI Special Agent for over 14 years. During my training at the FBI Academy, Quantico, Virginia, I received extensive training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. Through my training and experience, I have become familiar with and have participated in the following methods of investigation, including, but not limited

1

to, electronic surveillance, visual surveillance, questioning of witnesses, and the use of search warrants.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 2422(b), Attempted Enticement of a Minor has been committed by Wilfredo Lee Lopez.

5. I believe there is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by Title 18, United States Code, Section 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States ... that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## FACTS ESTABLISHING PROBABLE CAUSE

7. On or about November 1, 2017, Wilfredo Lee Lopez, Jr. began email communications with an undercover agent who posed to be a 13 year-old female minor. The email account cbain809@gmail.com was the only mode of communication Lopez used to communicate with the person he believed to be a minor throughout the entirety of conversations described herein. These email exchanges continued for several weeks culminating with a live meeting on November 22, 2017. During this period, Lopez sent sexually explicit email messages telling the person he believed to be a minor that he intended to have sex with her. Lopez also sent pictures

2

of his exposed penis to the person he believed to be a minor. Additionally, Lopez emailed the person he believed to be a minor a video of himself masturbating. During the several email exchanges with the person he believed to be a minor, Lopez attempted to entice her to engage in sexual activity with him.

## PROBABLE CAUSE

8. On November 22, 2017, at approximately 9:37 a.m., Lopez sent an email to the person he believed to be minor asking, "What sexual thing have you done?" Lopez sent another email at approximately 9:38 a.m. asking, "Do you want to see my dick cum?" The email also asked, "Will you let me cum all over your body or inside you?" The person he believed to be a minor responded to the email indicating that she did not know what he referred to, and told Lopez that she could get pregnant. Lopez then sent another email at approximately 10:01 a.m. asking to meet with the person he believed to be a minor so that they could engage in sex. The person Lopez believed to be a minor responded to emails with a meeting location and told Lopez that she would be available in the afternoon. The person Lopez believed to be a minor provided Lopez with the address where they would meet. Lopez drove towards the meeting location and parked across the street. Lopez sent the person he believed to be a minor an email at approximately 2:27 p.m., and told her, "I am here babe I just want to know that it is the right house."

9. Lopez was detained by Federal agents from the Air Force Office of Special Investigations (AFOSI) and Federal Bureau of Investigation (FBI). After waiving his Miranda rights in writing, Lopez provided voluntary statements that he believed the female was a minor, and that he arrived at the meeting location with the intent to engage in sex. Lopez informed federal agents that he was the sole user of the email address cbain809@gmail.com, and utilized his cellular phone to access the account.

3

10. On November 22, 2017, Federal agents performed a manual search of Lopez's cellular device based on Lopez's written consent. During the search, agents observed the Gmail website open and logged into the account cbain809@gmail.com within the internet browser of the device. Several of the messages previously exchanged with the individual Lopez believed to be a minor were observed.

11. Based on the above, I believe there is probable cause that the account cbain809@gmail.com was used by Lopez to attempt the online solicitation of a person he believed to be a minor in violation of Title18, United States Code, Section 2422(b).

12. Based on my training and experience, I believe there will be data located within the Gmail account used by Lopez, specifically cbain809@gmail.com, which is evidence of the alleged crime.

## **BACKGROUND CONCERNING EMAIL**

13. In general, an email that is sent to Google, Inc., hereto after referred to as Google, subscriber is stored in the subscriber's "mail box" on Google servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on gmail.com servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on Google servers for a certain period of time.

14. In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail (email) access, to the public. Google allows subscribers to obtain email accounts at the domain name gmail.com, like the email account listed in Attachment A. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including

4

retrieved and un-retrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

15. A Google subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by Google. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, emails in the account, and attachments to emails, including pictures and files.

16. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location or illicit activities.

17. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including

5

whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address (IP address) used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

18. In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

19. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such

6

as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

## CONCLUSION

20. Based on the forgoing, I request the Court issue the proposed search warrant. Because the warrant will be served on Google, Inc. who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR SEALING

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These

7

documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

## REQUEST FOR A NONDISCLOSURE ORDER

22. It is respectfully requested that this Court, pursuant to 18 U.S.C. § 2705(a)(A), issue a nondisclosure order to Google, Inc. for a period of ninety (90) days, because disclosure to any individual or entity in any matter related to this search warrant would seriously jeopardize the investigation now in progress.

FURTHER AFFIANT SAYETH NAUGHT.

Joshua M. Kipp
Special Agent
Federal Bureau of Investigation

8

# ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with cbain809@gmail.com, which is stored at premises controlled by Google, Inc., a company that accepts service of legal process at Google, Inc., c/o Custodian of Records, 1600 Amphitheater Parkway, Mountain View, California 94043.

## ATTACHMENT B

**Particular Things to be Seized**

I.  **Information to be disclosed by Google, Inc., (the "Provider")**

The Provider shall disclose responsive data, if any, by sending to FBI Guam, Attn: SA Joshua M. Kipp, 291 Chalan Pasaheru, Suite 201, Tamuning, Guam 96913 using the US Postal Service or another courier service, notwithstanding 18 U.S.C. § 2252A or similar statute or code. To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.  The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.  The types of service utilized;

d.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.  All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

**Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations Title 18, United States Code, Section 2422(b), Attempted Enticement of a Minor, from January 1, 2017 to November 30, 2017,